IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GMX RESOURCES, INC., | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. CIV-13-47-D |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., as Trustee, | ) |
|         Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff GMX Resources, Inc.'s Motion for Summary Judgment [Doc. No. 19], filed pursuant to Fed. R. Civ. P. 56. Plaintiff seeks summary judgment on the claims asserted in its Original Complaint for Declaratory Relief and Reformation [Doc. No. 1] regarding certain convertible notes (the "2015 Notes") that allegedly contain a scrivener's error. Defendant The Bank of New York Mellon Trust Company, N.A., as the trustee under indentures by which the 2015 Notes were issued, has responded by stating that it does not dispute the facts set forth in the Motion nor oppose the relief sought.

**Undisputed Facts**

In 2009, Plaintiff issued the 2015 Notes, which were offered with a prospectus and sold in a registered, underwritten offering. The underwriters were: Credit Suisse Securities (USA), LLC; Jefferies & Company, Inc.; and Capital One Southcoast, Inc. The underwriters' counsel was Davis Polk & Warwell, LLP; and Plaintiff's counsel was Crowe & Dunlevy. The prospectus included a description summarizing the terms of the 2015 Notes. The initial draft of this description contained an inadvertent error, which was then repeated in subsequent documents, including the indenture pursuant to which the 2015 Notes were issued (the "2009 Supplemental Indenture"). The error

involved an antidilution formula for the conversion rate of the 2015 Notes in the event of any stock splits, dividends, or combinations. A standard antidulation formula utilized in a February, 2008 offering was unintentionally transposed and a numerator and denominator in the formula were inverted. Thus, the formula should have read:

$$CR_1 = CR_0 \times \frac{OS_1}{OS_0}.$$

But instead, it was drafted to read: $CR_1 = CR_0 \times \frac{OS_0}{OS_1}.$

The mistaken inversion of the formula creates a dilutive event from a common stock dividend or distribution, common stock split, or common stock combination, when the provision was intended to have the opposite effect. All parties involved in the drafting process – Plaintiff, the underwriters, and their counsel – agree that the mistake in the antidilution formula was the result of an inadvertent scrivener's error.

On December 18, 2012, Plaintiff filed an amended certificate of incorporation with the Oklahoma Secretary of State providing for a reverse stock split effective January 3, 2013. This event was the first transaction that would trigger an application of the erroneous formula. On December 31, 2012, Plaintiff discovered the scrivener's error, and promptly provided notice that it was adjusting the conversion rate to correct the error. Plaintiff also discussed the error with Defendant, filed a Form 8-K with the U.S. Securities and Exchange Commission, and sent notices to the holders of the 2015 Notes. With the correction, the conversion rate was calculated to be

4.1026 shares of common stock per $1,000 aggregate principal amount of securities for the 2015 Notes. On January 11, 2013, Plaintiff commenced this litigation and provided notice to the note holders by filing another Form 8-K; Defendant as trustee also provided written notice of the lawsuit to the note holders.

In response to Plaintiff's Motion, Defendant presents evidence that it provided a second notice advising the holders of the 2015 Notes of the Motion and its intention not to oppose the relief sought. Defendant did not receive any written communication or oral direction from any holder in response to the notice.

### Standard of Decision

Summary judgment is proper "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a jury could reasonably find for either party. *See id.* at 255. The movant bears the initial burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant carries this burden, the nonmovant must go beyond the pleadings and "set forth specific facts" that would be admissible in evidence and show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324.

### Discussion

It is undisputed that Section 4.04(a) of the 2009 Supplemental Indenture contains a mistaken antidilution formula that is the result of an unintended drafting error. Under New York law, which expressly governs disputes arising under the 2009 Supplemental Indenture and the 2015 Notes, reformation is available to correct a scrivener's error in a written agreement in order to reflect the

parties' true intent. *See*, *e.g.*, *Nash v. Kornblum,* 186 N.E. 2d 551, 553 (N.Y. 1962). In this case, Plaintiff has presented clear and convincing evidence that the antidilution formula set forth in the 2009 Supplemental Indenture and in the description of the 2015 Notes does not set forth the true agreement of the parties, and should be reformed to correct the scrivener's error. Thus, Plaintiff is entitled to reformation of Section 4.04(a) to state the intended formula:

$$CR_1 = CR_0 \times \frac{OS_1}{OS_0}.$$

Further, Plaintiff is entitled to a declaration that it properly applied the intended formula in connection with the reverse stock split on January 3, 2013, and thus, the conversion rate with respect to the 2015 Notes was 4.1026 shares of common stock per $1,000 aggregate principal amount of securities.

### Conclusion

For these reasons, the Court finds Plaintiff has shown its entitlement as a matter of law to the relief sought by its Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment [Doc. No. 62] is GRANTED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 25th day of June, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE